UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD DWAYNE BIBB,

                              Plaintiff,

                          -against-

MALEK AND MALEK ATTYS AT LAW; SINCLAIR BROADCAST GROUP INC.; NBC NEWS AND AFFILIATES; VIACOMCBS AND AFFILIATES,

                              Defendants.

20-CV-8738 (CM)

TRANSFER ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that from 1963 through 2020, Defendants violated his rights under the First, Second, and Fourteenth Amendments. For the following reasons, this action is transferred to the United States District Court for the Southern District of Ohio.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff, an Ohio resident, filed this complaint, which is not a model of clarity, against Malek and Malek Attorneys at Law; Sinclair Broadcast Group, Inc.; NBC News and affiliates; and ViacomCBS and affiliates. He claims that all of the events giving rise to this complaint occurred in Columbus, Ohio, which is in Franklin County. Plaintiff lists addresses for Defendants in Ohio, Maryland, and New York.

It appears that NBC News and ViacomCBS reside in this District, but because the other defendants do not reside in New York, and a substantial part of the events or omissions underlying Plaintiff's claim occurred in Ohio, venue does not appear to be proper in this District under § 1391(b)(1) or (2).[1] Plaintiff's claims arose in Franklin County, Ohio, which is in the Southern District of Ohio, *see* 28 U.S.C. § 115, and thus venue does lie in that court, *see* 28 U.S.C. § 1391(b)(2). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Southern District of Ohio. 28 U.S.C. § 1406.

---

[1] Plaintiff appears to premise venue in this Court on the fact that both NBC News and ViacomCBS are headquartered in New York, New York. But he alleges no facts against these defendants. Rather, he appears to sue them solely because of their relationship to WCMH, the NBC-affiliated television station in Columbus, Ohio, and WVNS, the CBS-affiliated television station in Columbus, Ohio. Plaintiff claims that the two local television stations were involved in installing a computer chip and tracking device in him. (*See* ECF No. 2, at 6.)

But even if venue were proper in this District because NBC News and ViacomCBS reside in New York and are subject to personal jurisdiction here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). After considering the factors for discretionary transfer, *see, e.g.*, *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011), the Court concludes that transfer to the Southern District of Ohio would also be appropriate under § 1404(a). *See also Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Southern District of Ohio. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

The Clerk of Court is also instructed to issue a refund check in the amount of $50.00 and mail it to Plaintiff via certified mail.[2] A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 11, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff submitted to the Court both a partial filing fee of $50.00, and a request to proceed without prepayment of fees, that is, *in forma pauperis*.